UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD BEHAR,<br><br>                    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>                    Defendant. | Docket No. 1:17-cv-08153<br><br>COMPLAINT |

Plaintiff Richard Behar, by his undersigned attorneys, alleges:

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the U.S. Department of Homeland Security ("DHS")'s failure to disclose Secret Service records cataloguing visitors to Donald Trump, his family members, and his campaign associates from November 2015, when then-candidate Trump and his family first received Secret Service protection, to President Trump's inauguration.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-06.

3. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## THE PARTIES

4. Plaintiff Richard Behar is the Contributing Editor of Investigations at *Forbes* magazine and a reporter for *The National Memo.* In 1992, Behar was awarded the

Conscience-in-Media Award for his 1991 *Time* magazine exposé on the Church of Scientology, *The Thriving Cult of Greed and Power*. He has also received the George Polk Award twice, the Gerald Loeb Award, the Daniel Pearl Award, the Overseas Press Club's Morton Frank and Ed Cunningham Awards, and, for *Forbes* magazine, the National Magazine Award for Public Interest. Over the past year, he has probed issues related to the Trump campaign and the Trump Administration, focusing in particular on President Trump's business dealings, financial entanglements, and links with Russia.[1]

5. Defendant DHS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). The United States Secret Service is an entity within DHS. 6 U.S.C. § 381. On information and belief, DHS and its component Secret Service possess and control the requested records and are responsible for fulfilling Plaintiff's FOIA request.

**FACTS**

6. On June 16, 2015, Donald J. Trump announced that he would run for President of the United States of America.

7. In November 2015, then-candidate Trump received Secret Service protection. Over the course of the next year, additional members of the Trump family and individuals affiliated with the Trump campaign and Trump Organization also received Secret Service protection.

---

[1] *See, e.g.*, Richard Behar, *Donald Trump and the Felon: Inside His Business Dealings with a Mob-Connected Hustler*, Forbes (Oct. 3, 2016), http://www.forbes.com/sites/richardbehar/2016/10/03/donald-trump-and-the-felon-inside-his-business-dealings-with-a-mob-connected-hustler/#572299e72282; Richard Behar, *The Kazakhstan Connection: Trump, Bayrock and Plenty of Questions*, DCReport (Sept. 12, 2017), http://www.dcreport.org/2017/ 05/12/the-kazakhstan-connection-trump-bayrock-and-plenty-of-questions; Richard Behar, *How Felix Sater — Former Mob-linked Hustler And Ex-Trump Adviser — Sought To 'Protect' Ukraine's Nuclear Plants*, Nat'l Memo (May 25, 2017), http://www.nationalmemo.com/felix-sater-ex-trump-adviser-ukraines-nuclear-plants.

8. In July 2016, Trump won the Republican Party's presidential nomination at the GOP Presidential Convention.

9. Throughout the 2015-2016 presidential campaign and prior to the inauguration, those associated with the Trump campaign reportedly had numerous contacts with Russian individuals, including individuals associated with the Russian government, as well as with representatives of industry insiders.

**Reported Russia Contacts During the Campaign**

10. Between March and September 2016, George Papadopoulous, a member of Trump's foreign policy team, reportedly sent repeated emails to Trump campaign officials in an attempt to arrange meetings with Russian officials.[2]

11. In April 2016, Jared Kushner met then-Russian Ambassador Sergei Kislyak at a campaign event.[3]

12. Between April and November 2016, Michael Flynn and other advisers to the Trump campaign conducted at least eighteen phone calls and emails with Russian officials, including six reported communications with Ambassador Kislyak.[4]

---

[2] Tom Hamburger et al., *Trump Campaign Emails Show Aide's Repeated Efforts To Set Up Russia Meetings*, Wash. Post (Aug. 14, 2017), http://www.washingtonpost.com/politics/trump-campaign-emails-show-aides-repeated-efforts-to-set-up-russia-meetings/2017/08/14/54d08da6-7dc2-11e7-83c7-5bd5460f0d7e_story.html?utm_term=.15f6f613e627.

[3] *Read Jared Kushner's Prepared Remarks*, N.Y. Times (July 24, 2017), http://www.nytimes.com/interactive/2017/07/24/us/politics/document-Read-Jared-Kushner-s-Statement-to-Congressional.html?_r=0.

[4] Ned Parker et al., *Exclusive: Trump Campaign Had At Least 18 Undisclosed Contacts With Russians: Sources*, Reuters (May 18, 2017, 5:04 AM), http://www.reuters.com/article/us-usa-trump-russia-contacts/exclusive-trump-campaign-had-at-least-18-undisclosed-contacts-with-russians-sources-idUSKCN18E106.

13. In June 2016, three top Trump campaign advisers—Donald Trump, Jr., Paul Manafort, and Jared Kushner—met with Russian lawyer Natalia Veselnitskaya regarding potentially incriminating details relating to Hillary Clinton's presidential campaign.[5]

14. After Trump's election on November 8, 2016, journalists broke the news about campaign's contacts with Russian individuals as well as potential election interference, including the meeting with Veselnitskaya.[6]

15. Those discoveries, coupled with other revelations about Russian interference in the election more broadly and President Trump's firing of former FBI Director James Comey, prompted both Congressional and U.S. Department of Justice ("DOJ") investigations.

16. Currently, four ongoing Congressional investigations are looking into, among other issues, Russia's interference in the election; collusion between the Trump campaign and Russia; and contacts between individuals working on the Trump campaign and Russian officials.[7]

---

[5] Jo Becker et al., *Trump Team Met With Lawyer Linked to Kremlin During Campaign*, N.Y. TIMES (July 8, 2017), http://www.nytimes.com/2017/07/08/us/politics/trump-russia-kushner-manafort.html.

[6] *See, e.g.*, Philip Bump, *Every Contact Between Trump's Team and Russian Actors, Graphed*, Wash. Post (Oct. 2, 2017), https://www.washingtonpost.com/news/politics/wp/2017/09/21/every-contact-between-trumps-team-and-russian-actors-graphed/?utm_term=.ee022b91bad4.

[7] Kevin Uhrmacher & Kim Soffen, *A Guide to the Five Major Investigations of the Trump Campaign's Possible Ties to Russia*, Wash. Post (June 17, 2017), http://www.washingtonpost.com/graphics/national/trump-russia-investigations/?utm_term=.7386a7afbcd1.

17. In addition, the Department of Justice is conducting an investigation into ties between the Trump campaign and Russian officials. The investigation is led by Robert Mueller, who was appointed as special counsel in May 2017.[8]

**Reported Industry Contacts During the Campaign**

18. In addition to contacts with Russian individuals, candidate Trump and those associated with the Trump campaign met with lobbyists for major corporations and special interest groups.

19. In April 2016, for instance, Trump privately met with representatives from approximately 12 special interest groups, including lobbyists and the chief executive of a major airline trade organization, in Washington, D.C. The meeting was kept secret, and attendees received invitations by phone.[9]

20. In June 2016, Trump attended an invitation-only fundraiser organized by a top coal industry executive, Robert Murray.[10]

**Plaintiff's FOIA Request and the Denial of Expedited Processing**

21. On September 22, 2017, Plaintiff submitted to Defendant a FOIA request (the "Request") for Secret Service records cataloguing victors to candidate Trump, family members, and campaign officials during the election and prior to the inauguration. A true and correct copy of this request is annexed as Exhibit A.

---

[8] Rebecca R. Ruiz & Mark Landler, *Robert Mueller, Former F.B.I. Director, Is Name Special Counsel for Russia Investigation*, N.Y. Times (May 17, 2017), http://www.nytimes.com/2017/05/17/us/politics/robert-mueller-special-counsel-russia-investigation.html.

[9] Maggie Haberman, *Donald Trump Met Secretly With Interest Groups*, N.Y. Times (Apr. 4, 2016), http://www.nytimes.com/politics/first-draft/2016/04/04/donald-trump-met-secretly-with-interests-groups.

[10] Will Drabold, *Donald Trump Heads for Coal Industry Fundraiser in West Virginia*, Time (June 27, 2016), http://time.com/4384957/donald-trump-coal-global-warming-murray.

22. Limited to records of individuals screened or noted by the Secret Service between November 1, 2015, and January 21, 2017, the Request sought the following records:

> (1) Records identifying every individual who was screened and/or noted by the Secret Service because they (a) sought to visit any of the following individuals, and/or (b) sought access to any secured area where any of the following were present:
>
>> a. Donald Trump;
>> b. Eric Trump;
>> c. Donald Trump, Jr.;
>> d. Ivanka Trump;
>> e. Jared Kushner;
>> f. Paul Manafort;
>> g. Michael Flynn;
>> h. Corey Lewandowski;
>> i. Michael Cohen;
>> j. Stephen Bannon; and/or
>> k. Kellyanne Conway.
>
> The information sought by this request includes, but is not limited to, any Worker and Visitor Entrance System (WAVES) records and Access Control Records (ACR). The request includes, but is not limited to, visitors to Trump Tower, Mar-a-Lago, Bedminster Golf Club, and, to the extent available, the twenty-eight fields of data that were previously released under the Obama Administration for White House visitors.
>
> (2) All records concerning any communication between the Secret Service and any individual employed by and/or affiliated with either the Trump Campaign and/or the Trump Organization regarding any individual screened and/or noted by the Secret Service identified in the records produced in response to request one.

Ex. A.

23. Emphasizing the time-sensitive nature of the information sought, given the "broad public interest in who the prospective president (and his colleagues) were meeting with prior to his inauguration," Plaintiff requested expedited processing pursuant to 5 U.S.C.

§ 552(a)(6)(E) and 6 C.F.R. § 5.5(e)(1)(ii) ("urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information"); and § 5.5(e)(1)(iv) ("a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence"). Ex. A at 3.

24. Plaintiff submitted his Request on September 22, 2017, by email to the DHS FOIA privacy office, pursuant to 6 C.F.R. § 5.5(e)(2).[11] A true and correct copy of Plaintiff's email exchanges with DHS are annexed as Exhibit B.

25. Plaintiff also submitted the Request to the FOIA officer of the United States Secret Service by email on September 22, 2017. A true and correct copy of Plaintiff's email exchange with the U.S.S.S. FOIA office is annexed as Exhibit C.

26. Plaintiff, through his attorneys, also submitted the Request to DHS by U.S. mail on September 25, 2017.

27. On October 4, 2017, Plaintiff received an email from the DHS Privacy Office. The email informed him that his request had been transferred to the FOIA Officer for the Secret Service. A true and correct copy of this email is annexed as Exhibit D.

28. To date, Plaintiff has not received the requested records, nor has he received confirmation of his entitlement to expedited processing.

## FIRST CAUSE OF ACTION

**(Violation of FOIA for failing to expedite Plaintiff's Request)**

1. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

---

[11] That provision requires FOIA requests containing a request for expedited processing under 6 C.F.R. § 5.5(e)(1)(iv) be submitted to the privacy office.

7

2. Defendant's refusal to expedite the processing of Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(6)(E), and 6 C.F.R. § 5.5(e).

## SECOND CAUSE OF ACTION
### (Violation of FOIA for failure to disclose records)

3. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

4. Defendant's failure to make available and to release the records requested by Plaintiff violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully prays that this Court:

a. expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;[12]

b. declare that Defendant violated FOIA by not granting expedited treatment to Plaintiff's September 22, 2017, FOIA Request, pursuant to FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201;

c. enjoin Defendant to provide immediately the records sought in Plaintiff's September 22, 2017 FOIA Request;

d. award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and costs; and

e. grant such other and further relief as the Court deems just and proper.

---

[12] Because of Plaintiff's urgent need to inform the public about potential conflicts of interest in the Trump Administration, and because his right under FOIA to do so will be violated every day that the government is not compelled by this Court to comply with the request, there is good cause for expedited treatment by this court under 28 U.S.C. § 1657.

Dated: October 23, 2017
New Haven, CT

        Respectfully submitted,

        MEDIA FREEDOM & INFORMATION
           ACCESS CLINIC

        /s/ John Langford
        John Langford, supervising attorney
        Charles Sims, supervising attorney
        Eric Brooks, law student intern
        Meenakshi Krishnan, law student intern
        Adam Pan, law student intern
        MEDIA FREEDOM AND INFORMATION
           ACCESS CLINIC
        ABRAMS INSTITUTE
        Yale Law School
        P.O. Box 208215
        New Haven, CT 06520-8215
        Tel: (203) 436-5831
        Fax: (203) 432-3034
        Email: john.langford@yale.edu

        *Attorneys for Plaintiff*