

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-21-18

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RICHARD BEHAR,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY,

Defendant.

Docket No. 17 Civ. 8153 (LAK)

## JOINT STIPULATION AND [~~PROPOSED~~] ORDER

WHEREAS this action concerns plaintiff Richard Behar's September 22, 2017, request

under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to defendant United States

Department of Homeland Security ("DHS") for, *inter alia*, records identifying individuals who

were screened and/or noted by the Secret Service because they either (a) sought to visit Donald

Trump or certain of his family members and campaign officials, or (b) sought access to a secured

area at which those individuals were present, between November 1, 2015, and January 21, 2017

(the "FOIA Request");

WHEREAS on October 4, 2017, plaintiff received an email from the DHS Privacy Office

informing him that his FOIA Request had been transferred to the FOIA Officer for the U.S.

Secret Service (the "Secret Service" or "USSS");

WHEREAS on October 23, 2017, plaintiff filed this action against defendant DHS;

WHEREAS the Secret Service has compiled the emails (including attachments) of the

USSS Detail Leaders, Assistant Detail Leaders, and Operations Supervisors for protectee

Donald Trump (to the extent those officials could be determined from USSS work schedules),

- 1 -

dated November 1, 2015, to January 21, 2017, that contain the name or code name of USSS protectees Donald Trump, Eric Trump, Donald Trump, Jr., or Ivanka Trump (the "Email Set");

WHEREAS the Secret Service has identified those emails within the Email Set that contain the terms "visitor" or "meeting" (the "Narrowed Email Set");

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Richard Behar and the Secret Service, a component of defendant DHS, and subject to endorsement by the Court, that:

1.    The Secret Service shall conduct a search of the Email Set for the terms or names on Appendix A attached hereto, and shall review any emails captured by that search to identify any records responsive to the FOIA Request.

2.    From the Narrowed Email Set, the Secret Service shall review:

   a. each email between November 1, 2016, and November 8, 2016, between December 5, 2016, and December 12, 2016, and between January 14, 2017, and January 21, 2017, to identify any records responsive to the FOIA Request.

   b. each email dated between April 21, 2016, and April 28, 2016, to identify any records responsive to the FOIA Request;

   c. each email dated between July 11, 2016, and July 28, 2016 (the weeks before, including, and after the Republican National Convention), to identify any records responsive to the FOIA Request; and

   d. all emails containing the term "visitor."

3.    The Secret Service shall conduct the searches and review described in paragraphs 1 and 2 on a rolling basis, and shall make best efforts to review at least 1000 individual emails, including any attachments, per month until the review is completed.

-2-

4.      To the extent that the Secret Service identifies records containing notations by the Secret Service of individuals who present a security concern, the Parties agree that (a) if such records concern individuals seeking access without invitation to one of the Secret Service protectees named above, or to a location where one of the named protectees was present, such records will be deemed non-responsive to Plaintiffs' request, and (b) if such records concern any of the individuals named in Appendix A, or any individual who was invited by one of the named protectees or a member of a named protectees' staff to meet, visit or be present at a location where the named protectee was also present, such records will be deemed responsive to Plaintiffs' request, and will processed as set out below.

5.      If the Secret Service identifies more than 10 responsive records from the searches outlined in subparagraphs 2(a)-2(c) above, the Parties shall meet and confer regarding whether further searches are appropriate to identify additional responsive records within the Narrowed Email Set. In no event will the Secret Service be required to search for or review additional records beyond the Narrowed Email Set.

6.      Any responsive records identified from the searches and review described in paragraphs 1 and 2 shall be processed on a rolling basis to determine whether they are subject to disclosure, in whole or in part, under FOIA. The Secret Service shall advise plaintiff on the first day of each month beginning April 2018 (or the following business day, if the first day of the month falls on a Saturday, Sunday, or Federal Holiday) of its determinations with regard to the responsive records processed during the previous month, and shall produce any non-exempt records or portions of records determined to be subject to FOIA.

7.      The Secret Service shall provide plaintiff Richard Behar with copies of any production of Presidential Transition Office visitor records made (or other determination with

- 3 -

regard to such records provided) to the plaintiffs in *The New York Times Co. v. U.S. Secret Service*, 17 Civ. 8003 (NRB) ("*NYT*"), on the same date that any such production is made (or other determination is provided) to the *NYT* plaintiffs. The production of records (or other determination) to plaintiff Richard Behar pursuant to this paragraph does not constitute a concession that such records are responsive to plaintiff's FOIA Request in this case, and the Secret Service reserves the right to assert that such records are not responsive to plaintiff's FOIA Request.

8.    Plaintiff reserves the right to object to any redactions or withholdings of responsive records by the Secret Service, and the Secret Service reserves its right to assert that any records identified as responsive to the FOIA Request are not agency records subject to FOIA.

9.    No later than 14 days after the Secret Service advises plaintiff that it has completed the searches, review, and processing described in paragraphs 1-4, the parties shall file a joint status report with the Court proposing either a stipulated resolution of this action or a schedule for briefing summary judgment on any disputes over withholdings and/or redactions.

10.    Plaintiff agrees that the searches described herein shall satisfy defendant DHS's obligation to conduct an adequate and reasonable search for responsive records, and plaintiff waives any further challenge to the adequacy of defendant DHS's search.

11.    This Stipulation and Order contains the entire agreement between the parties, and no statement, representation, promise, or agreement, oral or otherwise, between the parties or their counsel that is not included herein shall have any force or effect.

12.    This Stipulation and Order may be executed in counterparts. Facsimile or PDF signatures shall constitute originals.

Dated: February 16, 2018

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____
/s/ John Langford
John Langford, supervising attorney
Charles Sims, supervising attorney
Ned Levin, law student intern
Sasha Dudding, law student intern
MEDIA FREEDOM AND INFORMATION
    ACCESS CLINIC
ABRAMS INSTITUTE
Yale Law School
P.O. Box 208215
New Haven, CT 06520-8215
Tel: (203) 436-5831
Fax: (203) 432-3034
Email: john.langford@yale.edu

*Attorneys for Plaintiff*

By: _____
SARAH S. NORMAND
CASEY K. LEE
Assistant U.S. Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2709/2714
Fax: (212) 637-2730/2686
Email: sarah.normand@usdoj.gov
casey.lee@usdoj.gov

*Attorneys for Defendant*

SO ORDERED.

Dated: 2/21/19
New York, New York

_____
HONORABLE LEWIS A. KAPLAN
United States District Judge

## APPENDIX A

**Terms:**

- Mayflower
- Wikileaks
- NRA
- Russia

**Names:**

- Alexander Machkevich
- Alexander Mirtchev
- Alexander Torshin
- Andrii Artemenko
- Aras Agalorv
- Betsy DeVos
- Boris Epshteyn
- Dana Rohrabacher
- Devin Nunes
- Dmitry Rybolovlev
- Ed Rogers
- Elliot Broidy
- Erik Prince
- Felix Sater
- George G. Lombardi
- George Papadopoulos
- Giorgi Rtskhiladze
- Irakly Kaveladze
- JD Gordon
- Kairat Kelimbetov
- Len Blavatnik
- Maria Butina
- Mikhail Prokhorov
- Natalia Veselnitskaya
- Nigel Farage
- Rick Dearborn
- Rick Gates
- Robert Armao
- Roger Stone
- Sergey Kislyak
- Tevfik Arif
- Tom Barrack
- Vladimir Putin
- Yuri Vanetik